IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAGED ABDELMALIK and
HANAN AWADALLA,              :
    Plaintiffs              :  Civil Action No. 1:17-CV-00175-YK
                             :
v.                           :  (Judge Kane)
                             :
UNITED STATES SMALL BUSINESS :
ADMINISTRATION,              :
    Defendant                :

**MEMORANDUM**

In this action, Plaintiffs Maged Abdelmalik and Hanan Awadalla ("Plaintiffs"), seek judicial review of an administrative decision by the United States Small Business Administration ("Defendant"), permitting wage garnishment under 28 U.S.C. § 2415 et seq. Before the Court are the parties' cross-motions for summary judgment (Doc. Nos. 9, 12), which are ripe for disposition. For the following reasons, the Court will grant summary judgment in favor of Defendant.

**I.    BACKGROUND**

    **A.    Factual Background**

The following facts germane to the present motion are undisputed.[1] On April 15, 2005, Defendant agreed to guarantee 75% of a loan issued to Plaintiffs through PNC Bank in the

---

[1] Local Rule 56.1 stipulates that a motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 must be accompanied by a "separate, short, and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1. A party opposing the motion for summary judgment must respond in like manner to the statement of material facts by identifying the genuine issues to be tried. The following relevant facts of record are extracted from Defendant's Rule 56.1 statement of material facts (Doc. No. 10) and Plaintiffs' response thereto (Doc. No. 13).

1

amount of $303,800.00 for their business AAA Convenience, Inc., d/b/a Uni-Mart. (Doc. Nos. 10 ¶ 1; 13 ¶ 1; 8-1 at 2.) The loan was secured, in part, by unconditional personal guarantees from Plaintiffs. (Doc. Nos. 10 ¶ 2; 8-1 at 40.) The loan note stated that a default would occur if the monthly payment was not paid when due. (Doc. No. 10 ¶ 3.) Plaintiffs defaulted on the loan in 2009. To date, $207,274.21 is due and owing on the loan. (Doc. Nos. 10 ¶ 6; 8-1 at 24.) Plaintiffs do not dispute that they defaulted on the loan. (Doc. No. 10 ¶ 6.)

Defendant contacted Plaintiffs regarding repayment of the loan on or about September 20, 2015.[2] (Doc. Nos. 10 ¶ 8; 8-2 at 70.) Consequently, Defendant referred the debt to the United States Treasury Department (the "Treasury Department"), for collection pursuant to 28 U.S.C. § 2415. (Doc. No. No. 10 ¶ 8; 8-1 at 27). On or about January 14, 2016, the Treasury Department notified Plaintiffs of their intent to initiate administrative wage garnishment proceedings. (Doc. Nos. 10 ¶ 11; 8-1 at 27.) The notice indicated a delinquent debt due in the amount of $207,274.24 and advised Plaintiffs that a wage garnishment order would be delivered to Plaintiffs' employer to deduct 15% of Plaintiffs' disposable income from each pay period until the debt was satisfied. (Doc. Nos. 10 ¶ 10; 8-1 at 10.) Plaintiffs submitted a timely objection to the wage garnishment action on the basis that collection was barred by the statute of limitations set forth under 28 U.S.C. § 2415. (Doc. Nos. 10 ¶ 12; 8-1 at 24.)

The matter was assigned to Administrative Wage Garnishment Hearing Officer Christina Goebelsmann ("the Hearing Officer"), and a written records hearing followed. On November

---

[2] While the Administrative Record indicates that the Defendant contacted Plaintiffs in September 2015, the Defendant's statement of material facts indicates that the Defendant contacted Plaintiffs in November 2015. This discrepancy in the record is not material to the Court's disposition of the parties' summary judgment motions.

30, 2016, the Hearing Officer found that the statute of limitations was inapplicable to the administrative wage garnishment proceedings. (Doc. Nos. 10 ¶ 17; 8-1 at 6.) Specifically, the Hearing Officer determined that 28 U.S.C. § 2415(a) applies only to civil actions for money damages and not administrative wage garnishment proceedings. (Doc. Nos. 10 ¶ 18; 8-1 at 5.) As a result, the Hearing Officer upheld the wage garnishment order against Plaintiffs' future earnings. (Doc. Nos. 10 ¶ 20; 8-1 at 6.)

Plaintiffs seek judicial review of the Hearing Officer's decision permitting wage garnishment under 28 U.S.C. § 2415 et seq., claiming that the administrative wage garnishment is barred by the statute of limitations set forth under 28 U.S.C. § 2415(a). (Doc. No. 1.)

**B.    Procedural Background**

On January 30, 2017, Plaintiffs filed a complaint against Defendant in this Court seeking judicial review of an administrative decision by Defendant permitting wage garnishment under 28 U.S.C. § 2415. (Doc. No. 1 at 5.) On May 5, 2017, Defendant filed an answer to the complaint. (Doc. No. 4.) On June 30, 2017, Defendant submitted a seventy-page Administrative Record and Index. (Doc. No. 8.) On July 14, 2017, the parties filed cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. Nos. 9, 12), together with supporting briefs and statements of material facts in support of the motions, and corresponding exhibits (Doc. Nos. 10-11, 13). On July 14, 2017, Plaintiffs filed a brief in opposition to Defendant's motion for summary judgement. (Doc. No. 13.) On August 14, 2017, Defendant filed a brief in opposition to Plaintiffs' motion for summary judgment. (Doc. No. 14.) Defendant filed a reply brief to Plaintiffs' motion for summary judgment on August 28, 2017. (Doc. No. 15.) Having been fully briefed, the cross-motions for summary judgment are

accordingly ripe for disposition.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-51 (1986). When deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). However, the nonmoving party may not simply sit back and rest on the allegations in the complaint, but must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. V. Catrett, 477 U.S. 317, 324 (1986) (internal quotations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Id. at 322. The appropriate standard for summary judgment does not change due to cross-motions being presented. United States v. Hall, 730 F. Supp. 646, 648 (M.D. Pa. 1990).

### B. Arbitrary and Capricious Standard

"The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n v. State Farm

4

Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (quoting 5 U.S.C. § 706(2)(A)). This judicial standard of review "presumes that agency decisions are valid as long as the decision is supported by a rational basis." Pozzie v. U.S. Dep't of Hous. and Urban Dev., 48 F.3d 1026, 1029 (7th Cir. 1995). The district court is not permitted to substitute its own judgment for that of the agency. Bowman Transp., Inc. v. Arkansas Best Freight Sys., Inc., 419 U.S. 281, 285 (1974). Therefore, a court may only set the agency's decision aside if the decision falls outside the scope of the agency's lawful authority or if the decision is not "logical or rational." Allentown Mack Sales & Serv. v. NLRB, 522 U.S. 359, 374 (1998).

### III. DISCUSSION

The issue presented by these cross-motions for summary judgment is whether the Hearing Officer erred in determining that the six-year statute of limitations set forth under 28 U.S.C. § 2415(a) is inapplicable to the administrative wage garnishment proceeding.

The parties dispute in their cross-motions for summary judgment whether the statute of limitations in 28 U.S.C. § 2415(a) is applicable to wage garnishment actions. While Plaintiffs concede that they are delinquent in the amount of $207,274.21 dollars, they nevertheless argue that the statute of limitations bars the administrative wage garnishment action. (Doc. No. 1.) Defendant responds that 28 U.S.C. § 2415(a) is inapplicable to administrative wage garnishment proceedings because the statute only relates to court actions for money damages. (Doc. No. 9.)

28 U.S.C. § 2415(a) sets forth a six-year statute of limitations for money damages brought by the United States that is calculated from the right of action's accrual date. The statute provides:

> Subject to the provisions of section 2416 of this title, and except as

5

> otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later: Provided, That in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment. . . .

28 U.S.C. § 2415(a) (emphasis added). The statute's language indicates that only "actions for money damages" based upon a contract are barred by the six year statute of limitations after the accrual of the underlying cause of action. 28 U.S.C. § 2415(a).

The United States Supreme Court recently interpreted 28 U.S.C. § 2415(a) to refer solely to civil actions initiated in a court of law through the filing of a complaint. BP Am. Prod. Co. v. Burton, 549 U.S. 84, 91 (2006) (holding "Section 2415(a)'s 6–year statute of limitations applies only to court actions"). Interpreting the statute, the Supreme Court explicitly rejected defining "actions for money damages" to encompass administrative proceedings and reasoned that "the key terms in this provision - 'action' and 'complaint'-are ordinarily used in connection with judicial, not administrative, proceedings." Id. at 85. Applied here, the underlying proceedings involve wage garnishment conducted through an administrative agency. Indeed, the underlying wage garnishment order was not an action for money damages based upon a contract, but rather, was an administrative proceeding initiated by the Treasury Department, a government agency.

Administrative wage garnishment is a process granted to agencies through the Debt Collection Improvement Act of 1996. See 31 U.S.C. § 3720(d). The decision to garnish an individual's wages through administrative wage garnishment is the result of administrative

proceedings that are initiated by respective agencies without filing a complaint in the court system. 31 U.S.C. § 3720(d). In the present case, Defendant did not file a complaint or obtain a judgment against Plaintiffs. (Doc. Nos. 10 ¶ 10; 8-1 at 10.) Rather, Defendant relied upon the administrative channels established in the Debt Collection Improvement Act of 1996 to recover the Plaintiffs' debt.

Thus, as the administrative wage garnishment proceedings are purely administrative in nature, the statute of limitations set forth under 28 U.S.C. § 2415(a) does not apply to the wage garnishment proceedings commenced by Defendant. (Doc. Nos. 10 ¶ 8; 8-2 at 70.) It follows then, that the Hearing Officer's decision was not arbitrary and capricious, as it was logically based on substantial evidence included in the Administrative Record.

The decision recites that the Hearing Officer carefully reviewed the arguments, evidence, and consequences of the decision, "including those submitted by Debtor [Plaintiffs] and those held by SBA [Defendant]." (Doc. No. 8-1 at 2). The decision includes a list of documents that the Hearing Officer relied upon to make her decision, including the Loan Authorization, Acknowledgment Letter, Notice of Federal Agency's Intent to Initiate Administrative Wage Garnishment Proceedings, Reassignment Letter, and SBA agency records. (Doc No. 8-1 at 3-4). The Hearing Officer also included the applicable case law and analysis upon which she based her decision. (Doc. No. 8-1 at 5.) The Hearing Officer adequately explained her reasoning for the decision, providing documentation and citations to the evidence she relied on. Accordingly, the Hearing Officer's decision was rationally based upon the Administrative Record, which is sufficient to support her determination that the statute of limitations in 28 U.S.C. § 2415(a) does not apply to Plaintiffs' case. Therefore, Defendant's motion for summary judgment must be

7

granted.

## IV. CONCLUSION

Based upon the foregoing reasons, the Court will grant Defendant's motion for summary judgment and deny Plaintiffs' motion for summary judgment, as it finds as a matter of law that the Hearing Officer's determination that the six-year statute of limitations set forth under 28 U.S.C. § 2415(a) does not apply to the wage garnishment action was not arbitrary and capricious. An appropriate Order follows.